NOTICE
Decision filed 07/17/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250225

NO. 5-25-0225

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 24-CF-1019 |
| | ) | |
| JOHNNY J. LEE, | ) | Honorable |
| | ) | Adam M. Dill, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CLARKE* delivered the judgment of the court, with opinion.
Presiding Justice Cates and Justice Hackett concurred in the judgment and opinion.

**OPINION**

¶ 1    The State appeals the circuit court's order granting the motion of the defendant, Johnny J. Lee, for sanctions, based on the failure to preserve a traffic-stop video. On appeal, the State argues that the circuit court abused its discretion based on (1) the finding of a discovery violation and (2) the severity of the sanction imposed. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On May 27, 2024, Illinois State Police (ISP) Trooper Eric King initiated a traffic stop on Interstate 57 after observing a 2023 Nissan traveling approximately 15 to 20 miles per hour over the posted speed limit. Upon making contact with the driver, later identified as the defendant,

_____

*Justice Moore was originally assigned to the panel before his retirement. Justice Clarke was substituted on the panel and has read the briefs and listened to the oral argument recording.

1

Johnny J. Lee, Trooper King determined that Lee's driver's license was revoked, in violation of section 6-303 of the Illinois Vehicle Code (625 ILCS 5/6-303 (West 2022)). As a result of the stop, Trooper King issued two traffic citations—speeding and driving while license revoked—with a mandatory court appearance set for June 20, 2024.

¶ 4    The defendant appeared in court on June 20, 2024, was arraigned on the misdemeanor citations, and the matter was continued to July 26, 2024, for the appearance of counsel. On July 25, 2024, one day before the continued hearing, the State filed an information charging Lee with driving while license revoked, a Class 4 felony, based on prior convictions under section 6-303(a) of the Illinois Vehicle Code (*id.* § 6-303(a)). The defendant appeared the next day, July 26, 2024; he was arraigned on the felony charge; and the cause was continued to August 16, 2024, to allow him to retain counsel.

¶ 5    On August 16, 2024, counsel for the defendant entered his appearance. The defendant appeared with counsel and requested a preliminary hearing, and the matter was docketed for October 16, 2024. Counsel's entry of appearance did not contain a request for discovery, nor was an oral request made in court that day. On September 6, 2024, a Champaign County grand jury returned an indictment charging the defendant with the same Class 4 felony offense.

¶ 6    On October 16, 2024, the defendant again appeared with counsel, waived formal reading of the indictment, entered a plea of not guilty, and demanded a jury trial. The circuit court entered several pretrial orders, including a pretrial discovery order under Illinois Supreme Court Rule 412 (eff. Mar. 1, 2001). The matter was continued to December 3, 2024, for further pretrial proceedings.

¶ 7    During the foregoing proceedings, on July 30, 2024, shortly after filing the felony information, the State requested from the ISP, via e-mail, a copy of the video recording of the May

2

27 traffic stop. ISP responded by e-mailing a link to access the recording. The State did not download or preserve the recording from that link. On October 20, 2024, ISP notified the State that the recording had been recycled, pursuant to the agency's 90-day retention policy.

¶ 8    On December 3, 2024, the parties appeared for the previously-scheduled pretrial hearing. At that hearing, defense counsel learned that the recording of the traffic stop was no longer available. The circuit court granted defense counsel 30 days to file any motions relating to evidentiary issues arising from the missing recording.

¶ 9    On January 7, 2025, the defendant filed a motion for discovery sanctions, asserting that the State violated its obligations under Illinois Supreme Court Rule 412 (eff. Mar. 1, 2001) and Rule 415 (eff. Oct. 23, 2020) by failing to preserve the May 27, 2024, traffic-stop video. Relying on *People v. Kladis*, 2011 IL 110920, the defendant argued that traffic-stop recordings are discoverable and material and must be preserved once they come within the State's possession or control. He maintained that the video was the only objective evidence depicting the stop, which was especially significant because no police report existed. The defendant argued that the appropriate sanction was to bar Trooper King's testimony.

¶ 10    On February 25, 2025, the State filed its response, arguing that its failure to preserve the video did not constitute a due-process violation because the defendant could not establish that the recording was exculpatory or that it was destroyed in bad faith, citing *Arizona v. Youngblood*, 488 U.S. 51 (1988). The State further contended that no discovery violation occurred because Rule 415 did not obligate preservation, absent a written discovery request from the defense, and that the recording was recycled pursuant to ISP's routine 90-day retention policy. Finally, the State asserted that *Kladis* was distinguishable and that barring King's testimony would be an excessive and unwarranted sanction.

¶ 11    On February 27, 2025, the circuit court conducted a hearing on the defendant's motion. Defense counsel argued that the State was required to preserve the recording not only under the discovery rules but also under section 14-3(h-15) of the Criminal Code of 2012 (720 ILCS 5/14-3(h-15) (West 2022)), which mandates retention of recordings for at least 90 days, and where the recording constitutes evidence in a criminal proceeding, until final disposition absent a court order authorizing destruction. Counsel emphasized that the video was the only contemporaneous, objective record of the stop and could have shown whether the defendant was speeding or whether he was even the person driving. The State reiterated its position that no due-process violation had occurred because there was no evidence of bad faith and the evidence was not materially exculpatory. Additionally, there was no discovery violation because the video had been recycled before the defendant requested the recording. The State claimed that a sanction prohibiting Trooper King from testifying was "extreme and unwarranted." When asked by the circuit court to propose an alternative sanction should a violation be found, the State suggested a limiting instruction allowing the jury to consider the absence of the recording. Defense counsel responded that such a remedy would be inadequate in a one-witness case, with no police report or other objective evidence.

¶ 12    The circuit court granted the defendant's motion for discovery sanctions. The circuit court found that "the video in these cases with one witness on felonies where people can lose their freedom for a substantial amount of time are essential to a defendant being able to defend themself throughout the process."

¶ 13    The circuit court found that the State had requested the recording within the 90-day period but that the video "wasn't preserved as required." The circuit court reasoned that because this was a one-witness prosecution, with no police report or other objective evidence, lesser sanctions, such

as vigorous cross-examination or a limiting instruction would not meaningfully mitigate the prejudice caused by the loss of the recording. Concluding that the State requested this video within 90 days and it wasn't preserved as is required; considering "the constitutional rights of the defendant who's charged with a felony"; and given that the video was essential to the defendant's ability to challenge the officer's account, the circuit court granted the motion for sanctions and barred the testimony of Trooper King. At the parties' request, subsequent dates were vacated. On March 5, 2025, the State filed a certificate of substantial impairment pursuant to Illinois Supreme Court Rule 604 (eff. Apr. 15, 2024), and a notice of appeal was filed on March 20, 2025. This appeal timely followed.

¶ 14                                    II. ANALYSIS

¶ 15     We first address the defendant's contention that the State has forfeited review of the issue that the circuit court found a discovery violation that warranted sanctions because the State has failed to challenge this issue in its brief before this court. The defendant argues that the State's appellate brief largely advances the question of whether the State violated the defendant's due process rights under *Youngblood*, 488 U.S. 51, and *Illinois v. Fisher*, 540 U.S. 544 (2004), even though the circuit court expressly based its ruling on Illinois discovery principles and the Illinois Supreme Court rules. Although we agree that much of the State's argument on appeal is directed toward a constitutional due process violation that the circuit court did not apply, forfeiture is a limitation on the parties, not the court, and we may overlook it where the issue is sufficiently presented. See *People v. Custer*, 2019 IL 123339, ¶ 19. Because the State does contend that no discovery violation occurred and that the sanction imposed was an abuse of discretion, we elect to address the merits.

¶ 16 We first consider whether the circuit court abused its discretion in determining that the State violated its discovery obligations by failing to preserve the recording of the defendant's May 27, 2024, traffic stop. The State argues that no discovery violation occurred because the recording was destroyed before the defendant filed a discovery request. The State further contends that the recording was recycled, pursuant to the Illinois State Police's 90-day retention policy; that no arrest occurred during the initial traffic stop; and that the recording had not been "deemed evidence" within the meaning of section 14-3(h-15) of the Criminal Code of 2012 (720 ILCS 5/14-3(h-15) (West 2022)). Finally, the State argues that, absent bad faith, the destruction of the recording cannot support a sanction. The defendant responds that the State obtained access to the recording months before its destruction and failed to preserve readily available discoverable evidence.

¶ 17 Rule 412(f) requires the State to "ensure that a flow of information is maintained between the various investigative personnel and its office to place within its possession or control all material and information relevant to the accused and the offense charged." Ill. S. Ct. R. 412(f) (eff. Mar. 1, 2001). Rule 415 authorizes the circuit court to impose sanctions when a party fails to comply with applicable discovery obligations. Ill. S. Ct. R. 415(g)(i) (eff. Oct. 23, 2020). Our supreme court has recognized that traffic-stop recordings constitute important, relevant evidence and fall within the scope of discoverable materials. See *People v. Kladis*, 2011 IL 110920, ¶¶ 27-29, 34. In doing so, the court recognized that routine traffic-stop recordings have become "an integral part" (*id.* ¶ 29) of those encounters because they objectively document what occurred between the officer and the citizen, thereby furthering the truth-seeking process and assisting both the State and the defendant. See *id.* ¶¶ 27-34. The court further held that once the State is placed on notice of a request for such recordings, it must take appropriate steps to preserve them. *Id.* ¶ 38. This preservation obligation is consistent with general Illinois preservation principles, which

require parties who reasonably anticipate litigation to take reasonable steps to safeguard relevant evidence. See *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 121-22 (1998). In addition, section 14-3(h-15) provides that recordings "deemed evidence in any criminal *** proceeding" must only be destroyed "upon a final disposition and an order from the court." 720 ILCS 5/14-3(h-15) (West 2022).

¶ 18     A circuit court's determination that a discovery violation occurred and its decision regarding an appropriate remedy are reviewed for an abuse of discretion. *Kladis*, 2011 IL 110920, ¶ 23. An abuse of discretion occurs only where the circuit court's ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would adopt the court's view. *People v. Donoho*, 204 Ill. 2d 159, 182 (2003).

¶ 19     Applying these principles, we cannot say the circuit court abused its discretion in concluding that the State violated its discovery obligations. On July 30, 2024, shortly after filing the felony information, the State affirmatively requested the recording of the defendant's May 27, 2024, traffic stop from ISP. In response, ISP provided the State with a link to access the recording. The State does not dispute that it failed to download or otherwise preserve the recording. Nothing in the record suggests that the recording was inaccessible or corrupted when provided. Rather, the State simply failed to preserve it before the link expired. By the time the State sought access again, ISP's 90-day retention period had lapsed, and the recording had been erased.

¶ 20     The State's argument that no discovery violation occurred, because no motion for discovery was filed by the defendant, conflates its duty to disclose discovery with its duty to preserve evidence. Rule 412(a) governs when the State must disclose discoverable materials to the defense. See Ill. S. Ct. R. 412(a) (eff. Mar. 1, 2001). Rule 412(f), by contrast, governs the State's independent duty to ensure that relevant evidence maintained by investigative agencies is brought

within and maintained within the State's possession and control. See Ill. S. Ct. R. 412(f) (eff. Mar. 1, 2001). Although the duty to produce discovery ordinarily arises after a defendant files a written motion for discovery, Rule 412(f) separately requires the State to maintain a flow of information sufficient to place relevant materials within its possession or control. *Id.* Otherwise, the State could avoid its discovery obligations simply by allowing known discoverable evidence to be destroyed before a written request is filed, frustrating the purpose of the discovery rules.

¶ 21    Here, once the State affirmatively requested the recording and ISP responded via e-mail providing an electronic link through which the State could access the recording, the evidence became readily available to the State and within its possession or control for purposes of Rule 412(f). This is not a case in which discoverable evidence was beyond the State's reach; rather, the State acquired access to the recording and then failed to safeguard it. By allowing the link to expire without preserving the video, the State breached its duty to "ensure that a flow of information is maintained between the various investigative personnel and its office sufficient to place within its possession or control all material and information relevant to the accused and the offense charged." *Id.* This conclusion is consistent with *Kladis*, which recognized that recordings of traffic stops are important because they objectively document the encounter and further the truth-seeking process by providing evidence that may assist either the State or the defendant. See *Kladis*, 2011 IL 110920, ¶¶ 29, 34. That reasoning applies with even greater force here, where the State itself obtained access to the recording before its destruction yet failed to preserve it. Therefore, we find that the circuit court did not abuse its discretion in concluding that the State violated its discovery obligations by failing to preserve the recording after it affirmatively requested and obtained access to it, and after the recording came within the State's possession or control pursuant to Rule 412(f).

¶ 22    We likewise reject the State's reliance upon section 14-3(h-15). That section states that traffic-stop recordings

> "shall be retained by the law enforcement agency that employs the peace officer who made the recordings for a storage period of 90 days, unless the recordings are made as a part of an arrest *or* the recordings are deemed evidence in any criminal *** proceeding and then the recordings must only be destroyed upon a final disposition and an order from the court."
>
> (Emphasis added.) 720 ILCS 5/14-3(h-15) (West 2022).

The circuit court found that because the State itself requested the recording within 90 days, the preservation duty applied regardless of whether the defendant had filed a discovery request. We agree. Even assuming the initial traffic stop did not constitute an arrest, the State affirmatively requested the recording for use in prosecuting the felony charge arising from the stop, thereby treating it as relevant evidentiary material in an ongoing criminal case. By taking that affirmative step of requesting the recording from ISP, obtaining the link, and doing so for the purpose of prosecuting the pending felony charge, the State effectively "deemed" the recording as evidence within the meaning of section 14-3(h-15). *Id.* This section of the statute provides that recordings "deemed evidence" in any criminal proceeding "must only be destroyed upon a final disposition and an order from the court." *Id.* Once the State identified the recording as evidence, by seeking it from ISP, the statutory preservation obligation attached. Neither the State nor ISP could reasonably rely on routine administrative deletion policies to defeat the obligation to preserve relevant evidence. Accordingly, we cannot say the circuit court abused its discretion in concluding that the State violated its discovery obligations.

¶ 23    We next consider whether the circuit court abused its discretion in sanctioning the State by barring Trooper King's testimony. The State argues that the sanction was unduly severe and

9

effectively deprived it of its ability to prosecute the case. According to the State, the circuit court should have employed a lesser sanction, such as an adverse-inference instruction, coupled with vigorous cross-examination concerning the missing evidence. The defendant responds that the sanction was narrowly tailored to the prejudice resulting from the loss of the only objective evidence documenting the traffic stop.

¶ 24    Rule 415(g)(i) authorizes a circuit court to enter such orders as are just when a party fails to comply with discovery obligations. Ill. S. Ct. R. 415(g)(i) (eff. Oct. 23, 2020). "The purpose of the discovery rules is to prevent surprise to or unfair advantage by either party and to aid in the search for truth." *People v. Scott*, 339 Ill. App. 3d 565, 572 (2003). The purpose of sanctions is not to punish the offending party but to facilitate discovery. *Id.* The circuit court is in the best position to assess the effect of a discovery violation on the defendant's ability to prepare and present a defense, and its choice of sanction is entitled to substantial deference on review. *People v. Koutsakis*, 255 Ill. App. 3d 306, 314 (1993); *People v. Morgan*, 112 Ill. 2d 111, 135 (1986). We review the circuit court's choice of sanction for an abuse of discretion. *Donoho*, 204 Ill. 2d at 182.

¶ 25    Here, we cannot say that the circuit court abused its discretion. The record demonstrates that the circuit court carefully considered the nature and extent of the prejudice resulting from the loss of the recording. This was a one-witness prosecution. There was no police report and no other objective evidence documenting the stop. The recording represented the only contemporaneous and neutral account of the events. Without it, the defendant was deprived of any meaningful opportunity to test the officer's observations, recollection, and credibility through objective evidence.

¶ 26    The circuit court expressly considered lesser alternatives, including an adverse-inference instruction and cross-examination, and concluded that neither would adequately mitigate the

10

prejudice caused by the loss of the recording. Illinois courts have approved comparable sanctions where the destruction of important recorded evidence substantially impairs a defendant's ability to challenge the State's case. See *Kladis*, 2011 IL 110920, ¶¶ 41-46; see also *Koutsakis*, 255 Ill. App. 3d at 314. The State's assertion that the recording would have been inculpatory is speculative and does not diminish the prejudice resulting from the loss of the only objective evidence bearing directly on the events at issue.

¶ 27 Considering the sequence of events, the central importance of the recording, and the circuit court's careful consideration of alternative remedies, we conclude that the sanction imposed was neither arbitrary nor unreasonable. Rather, it was tailored to the prejudice caused by the State's failure to preserve the recording and the resulting loss of the only objective evidence that would have been available to the defendant. Under these circumstances, the circuit court acted within its discretion in fashioning a sanction proportionate to the discovery violation to cure the prejudice to the defendant caused by the loss of the video recording. This objective evidence was necessary to protect the defendant's ability to challenge the State's evidence.

¶ 28                                    III. CONCLUSION

¶ 29 For the foregoing reasons, we affirm the judgment of the circuit court of Champaign County granting the defendant's motion for sanctions.

¶ 30 Affirmed.

*People v. Lee*, 2026 IL App (5th) 250225

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Champaign County, No. 24-CF-1019; the Hon. Adam M. Dill, Judge, presiding. |
| **Attorneys for Appellant:** | Hon. Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Patrick D. Daly, and Valerie Ozment O'Brien, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Douglas R. Hoff, and Stephanie M. Glassberg, of State Appellate Defender's Office, of Chicago, for appellee. |